UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARIA EANES-GILLIAN and
CARL GILLIAN,

    Plaintiffs,

v.                                            Federal Court Case No. _____
                                              State Court Case No. 2024-CA-213

GEICO GENERAL
INSURANCE COMPANY,

    Defendant.
_____/

## DEFENDANT GEICO GENERAL INSURANCE COMPANY'S NOTICE OF REMOVAL

COMES NOW, Defendant Geico General Insurance Company, by and through its undersigned counsel and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446, and Local Rule 3.1(B), and files this, its Notice of Removal of the above-styled civil action from the Circuit Court in and for Santa Rosa County, Florida to the United States District Court, Northern District of Florida, Pensacola Division and in support thereof states, as follows:

    1.    Plaintiff Maria Eanes-Gillilan ("Plaintiff") and her husband Carl Gillilan (collectively, "Plaintiffs") filed their Complaint against Defendant Geico General Insurance Company ("Defendant") in the Circuit Court in and for Santa

STATE COURT CASE NO.: 2024-CA-213

Rosa County, Florida, Case No. 2024-CA-213, on April 15, 2024.

2. Pursuant to 28 U.S.C. § 1446, copies of all "process, pleadings, and orders served upon this Defendant" in the state court action are filed with this Notice of Removal and attached as Exhibit A which includes Plaintiffs' Summons, Plaintiffs' Complaint, and an Order Requiring Reporting which are the only necessary documents to attach.

3. Upon information and belief, both Plaintiffs currently are and at all times material were domiciled in the State of Florida and within Santa Rosa County, Florida according to Plaintiffs' Complaint. (*See* Pls. Compl. ¶ 3.)

4. Defendant Geico General Insurance Company is a Nebraska corporation with its principal place of business in Chevy Chase, Maryland.

5. Defendant Geico General Insurance Company removes this case pursuant to this Court's diversity jurisdiction. This Court has jurisdiction of this action under the provisions of 28 U.S.C. § 1332, and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446 because it is a civil action in which the amount-in-controversy exceeds the sum of $75,000.00 exclusive of attorneys' fees, interest, and costs, and it is between citizens of different states. Removal is effectuated pursuant to 28 U.S.C. § 1446.

6. More specifically as to diversity, for purposes of 28 U.S.C. § 1332 and § 1441, a corporation shall be deemed a citizen of (1) any state by which it has been

incorporated and (2) the state where it has a principal place of business. Therefore, for purposes of diversity of jurisdiction, Plaintiffs are residents of the State of Florida and Defendant Geico General Insurance Company is a resident of the States of Nebraska and Maryland. Accordingly, complete diversity exists.

7. More specifically as to the amount-in-controversy requirement, the amount-in-controversy exceeds $75,000.00 exclusive of attorneys' fees, interest, and costs. Even though the current amount-in-controversy requirement for Circuit Court in Florida state courts is only $50,000, *see* Fla. Stat. § 34.01, Plaintiffs' Complaint nonetheless still affirmatively alleges their damages exceed $75,000. (*See* Pls. Compl. ¶ 2.)

8. In addition, Plaintiff alleges that she "suffered bodily injury including scarring and loss of function, within a reasonable degree of medical certainty, resulting in pain and suffering, disability, disfigurement, impairment, aggravation/activation of pre-existing injuries, mental anguish, loss of capacity for the enjoyment of life, inconvenience, medical expenses, loss of earnings, and loss of ability to earn money, all of which are permanent . . . ." (Compl. ¶ 14.) Plaintiff further alleges her injuries are "permanent," and she alleges she "will suffer such damages in the future." (Compl. ¶ 14.)

9. Yet further, Plaintiff has served a civil remedy notice (CRN) upon Defendant Geico General Insurance Company demanding the $100,000 policy limits

and accusing Geico General Insurance Company of bad faith in failing to tender such. (Civil Remedy Notice, Attached as Exhibit B.) In Plaintiff's CRN, she alleges the following in regard to her injuries and condition:

> Mrs. Eanes was permanently injured in the crash, to include injuries to her head, brain, neck, right shoulder, left shoulder, mid back, low back, right knee and left knee and she is still having pain and other symptoms including headache, drowsiness and fatique in those areas, flank pain, joint swelling, limping and weakness. Andrew Travis Starkie is legally liable to Ms. Eanes for all bodily injuries she sustained in the crash, as recognized under Florida Law.
>
> As a result she has incurred expense of neurosurgical evaluation and surgery, pain management care and treatment including injections and multiple emergency room visits.
>
> The post-crash cervical MRI revealed C6-7 level disc desiccation with mild broad based disc protrusion with central component without cord contact; lumbar MRI revealed lateral disc protrusion with annular tearing L3-4, L4-5 disc desiccation lateral disc protrusion and annular tearing with ligamentum flavum hypertrophy and facet changes.

(CRN p. 3, Attached as Exhibit C.) This obviously only applies to Mrs. Eanes-Gillilan, but her husband also presents a loss of consortium claim. (*See* Pls. Compl.)

10. In evaluating the amount-in-controversy requirement, the 11th Circuit instructs, "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (internal citations and quotations omitted) (emphasis in original).

11. Additionally, Plaintiffs' pre-suit Civil Remedy Notice is relevant and admissible for consideration in evaluating the amount-in-controversy as with other types of pre-suit demands by plaintiffs. *See Rader v. Safeco Ins. Co. of Illinois*, 2013 WL 10186944, at *2 (N.D. Fla. May 21, 2013) ("Based on the uncontroverted facts, the court finds – and the defendant does not dispute – that the plaintiff's initial complaint was removable, at the latest, when the defendant received a copy of the CRN."); *see also Griffis v. Wal-Mart Stores, East, LP*, 2018 WL 4444470 (M.D. Fla. 2018) ("[C]ourts routinely find pre-suit demand letters and settlement offers made in the course of litigation to be evidence of the amount in controversy in considering whether removal is proper."); *Gillinov v. Hillstone Rest. Grp., Inc.*, 92 F. Supp. 3d 1251, 1254-55 (S.D. Fla. 2015) ("The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied.") (citing *Kilmer v. Stryker Corp.,* 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (holding that pre-suit demand letter, which specified past medical expenses totaling $72,792.93, combined with claims for permanent injury, pain and suffering, and past and future economic loss, was sufficient evidence that the amount in controversy requirement was met)); *La Rocca v. Stahlheber,* 676 F. Supp. 2d 1347, 1350 (S.D. Fla. 2009) (holding that amount in controversy requirement was satisfied by calculations based on pre-suit demand package detailing past and future medical expenses).

12. Finally, "Complaints alleging serious, lasting physical injuries are typically removable because it is facially apparent that these claims are worth more than $75,000." *Hickerson v. Enter. Leasing Co. of Georgia, LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) (citations omitted). And "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted). This is especially telling in this case where Plaintiffs bring not only an Uninsured Motorist ("UM") and Loss of Consortium claims but also a Bad Faith claim on a $100,000 UM policy.

13. Removal is proper to the Northern District of Florida, Pensacola Division because the Circuit Court action is pending within the jurisdictional confines of this District in Santa Rosa County, Florida which is also where the injury at issue in this lawsuit occurred. *See* 28 U.S.C. § 1446(a); N.D. Fla. Loc. R. 3.1(B); *see also* Pls. Compl. ¶¶ 1, 3, 7.

14. Removal is timely. This Notice of Removal has been filed with this Court within thirty (30) days of when "it may first be ascertained that the case is one which is or has become removable" as Defendant is removing this case within thirty (30) days of service of process and is, therefore, timely pursuant to 28 U.S.C. §1446(b)(3). In fact, this case has not even been filed for thirty days. And so this case has not been pending over one (1) year as required by 28 U.S.C. 1446(c)(1).

15. Defendant has provided Plaintiff and the Clerk for the Circuit Court in and for Santa Rosa County, Florida with a written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit C.

16. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal. Therefore, Defendant will respond to Plaintiffs' Complaint on or before May 16, 2024.

## MEMORANDUM OF LAW

**I.   Federal Removal Jurisdiction**.

This is an action which may be properly removed to this Court pursuant to 28 U.S.C. § 1441 which states:

> (a): Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Given that this action is one of which the United States District Court for the Northern District of Florida would have had original jurisdiction pursuant to 28 U.S.C. § 1332, this case may be removed from the Circuit Court in and for Santa Rosa County, Florida to the United States District Court for the Northern District of

Florida pursuant to 28 U.S.C. § 1441.  Such removal would be performed pursuant to the terms of 28 U.S.C. § 1446(a) which provides:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action.

In the instant case, Defendant has filed a Notice of Removal that complies with the requirements of 28 U.S.C. § 1446(a) in that it sets forth the facts that show that this Court has jurisdiction and that this case is subject to removal.  Defendant has the right to have these claims adjudicated by a federal district court.  *See generally Cogdell v. Wyeth*, 366 F.3d 1245 (11th Cir. 2004); *Yusefzadeh v. Nelson Mullins et al.*, 365 F.3d 1244 (11th Cir. 2004).

## II.   Timeliness of Removal.

28 U.S.C. § 1446(b)(3) requires that a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after "it may first be ascertained that the case is one which is or has become removable."  In this case, Plaintiffs' Complaint was served upon Defendant on April 19, 2024.  Thus, the filing of this Notice is clearly within that thirty (30) day time frame as Defendant was served less than thirty (30) days ago – in fact, suit was filed less than 30 days ago.  Further, this case has not been pending over one (1) year as required by 28 U.S.C. § 1446(c)(1).

STATE COURT CASE NO.: 2024-CA-213

WHEREFORE Defendant Geico General Insurance Company removes this matter from the Circuit Court in and for Santa Rosa County, Florida to the United States District Court, Northern District of Florida, Pensacola Division.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May 2024, a true and correct copy of the foregoing was filed through CM/ECF which will send an automatic e-mail message to the following parties: Dan Stewart, Esq., Dan Stewart, P.A., lynn.cutler@stewartlawfirm.com, jenn.mcdowell@stewartlawfirm.com, dan@stewartlawfirm.com; 4519 Highway 90, Pace, FL 32571, (850) 994-4887 / (850) 994-4541 (F), Attorney for Plaintiffs Maria Eanes-Gillian and Carl Gillian.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant Geico*
> 890 South Palafox Street, Suite 200
> Pensacola, Florida 32502
> Telephone (850) 483-5914
> Facsimile (850) 438-6969
> E-mail: douglas.miller@csklegal.com
> E-mail: isabella.calves@csklegal.com
> E-mail: nicole.mills@csklegal.com
>
> By:  /s/ D. Grayson Miller
> D. GRAYSON MILLER
> Florida Bar No.:  98696
> ISABELLA CALVES
> Florida Bar No.: 1050014

0176.1020-00/22230865